Anderson v. Fletcher.

4-6377                                                    151 S. W. 2d 673

Opinion delivered May 19, 1941.

*Carmichael & Hendricks,* for appellant.

*Ernest Briner,* for appellee.

McHANEY, J. Appellant brought this action against appellees, Fletcher and Hudspeth, to collect $11,330.73, under the terms of a written contract between them, dated and executed on October 20, 1932, hereinafter set out, to enjoin the sale of certain lands belonging to appellee, Standard Bauxite & Chemical Co., Inc., hereinafter called the Company, and to establish and foreclose a lien on one promissory note in the sum of $30,000 of the Company, dated February 15, 1932, due January 1, 1936, payable to said Fletcher and Hudspeth and by them deposited in escrow as collateral security for the payment of an indebtedness of $17,500 due by them to appellant as provided in said contract. Appellees answered with a general denial of all the allegations of the complaint. Trial resulted in a decree dismissing the complaint for want of equity, and this appeal followed.

The contract between the parties hereto is as follows: ''We, the undersigned, being all the parties to the commission agreement dated May 23, 1928, pertaining to the sale of lands hereby agree that the full compensation to be paid H. W. Anderson on sale of said lands shall be $17,500 and 1,000 shares of the capital stock of the Standard Bauxite & Chemical Company, Inc., and as Fletcher and Hudspeth hold $100,000 in notes of said Standard Bauxite & Chemical Company, Inc., being part of the purchase price of said land, said notes dated February 15, 1932, and secured by first mortgage against the lands covered by said commission, and other lands, and said notes being payable as follows: No. 1 for $15,000 due January 1, 1933; No. 2 for $25,000 due January 1, 1934; No. 3 for $30,000 due January 1, 1935; No. 4 for $30,000 due January 1, 1936, these notes covering part of the purchase price of said lands, therefore, Fletcher and Hudspeth hereby agree as and when payments are made them on above notes they shall pay H. W. Anderson 17½ per cent. of such payments until the full

amount of $17,500 with 4 per cent. interest from February 15, 1932, is paid.

"All parties hereto realize and understand that it may be necessary to renew these notes, but all agree that there will not be an habitual renewal of these notes, and that they will be renewed only when a forced payment of same would cause undue hardship upon the Standard Bauxite & Chemical Company, Inc.

"It is further understood and agreed that if the first mortgage notes are renewed it in no way abrogates but only delays these commission payments until renewal notes are paid. ,

"It is further understood and agreed that Note No. 4 for $30,000 due January 1, 1936, of the said series of first mortgage notes, shall be placed in escrow with the Citizens Bank of Benton, Arkansas, as collateral security for the payment of $17,500 commission covered by this agreement.

"As H. W. Anderson was allotted some stock in the company for some lands he deeded to the company, and for other services, the said H. W. Anderson hereby agrees to transfer all other stock previously allotted to him, over and above the 1,000 shares mentioned above, to Fletcher and Hudspeth."

The escrow agreement recites: "We agree to hold the No. 4 note in escrow as security as above outlined, until Fletcher and Hudspeth have paid the $17,500 together with 4 per cent. interest from February 15, 1932, or until an order in writing signed by all parties to this agreement, requested that same be released. Dated at Benton, Arkansas, this the 24th day of October, 1932."

Now it is our opinion that the rights of the parties must be determined from a consideration of this contract alone, and that antecedent contracts and evidence of prior acts, declarations and agreements are inadmissible under the rule that prior agreements are merged into the later one covering the same subject-matter and under the rule that parol evidence is not admissible to contradict, vary or add to any of the terms of an unambiguous written contract. The contract sued on appears to us to be un-

ambiguous and has the appearance of one in the nature of a settlement of previous dealings or transactions.

The contract very clearly provides that the full compensation to be paid to appellant "on sale of said lands shall be $17,500 and 1,000 shares of the capital stock of the Standard Bauxite & Chemical Company, Inc." Appellee makes the untenable contention that the words "on sale of said lands," means a sale to be thereafter made, and, that since no sale of said lands was thereafter made, he is not entitled to the compensation named. That a sale of said lands had already been made to the Company and that that sale was the one on which compensation was based, is shown by the next words of the same sentence, reciting that appellees "hold $100,000 in notes" of said Company "being part of the purchase price of said land—and secured by a first mortgage against the lands covered by said commission," etc. This and other language in the contract leave no room to doubt that the commission had already been earned by a sale of the land to the Company. The contract then provides how the compensation or commission shall be paid, and appellees agree that "as and when payments are made them on above notes they shall pay H. W. Anderson 17½ per cent. of such payments until the full amount of $17,500 with 4 per cent. interest from February 15, 1932, is paid." We can see nothing ambiguous about the manner of payment, and it is undisputed that they have been paid $64,747.02 in principal and interest on said notes, but have paid to appellant no part of the 17½ per cent. thereof which they agreed they would pay him "as and when payments are made to them." They are, therefore, indebted to him in the sum of $11,330.73, and the trial court erred in not so holding. The contract makes no distinction in the payments made to appellees, whether of principal or interest, so appellant is entitled to 17½ per cent. of both as and when made, and, if not made, should also bear interest from the time they should have been made.

Appellant is also entitled to receive from appellees, Fletcher and Hudspeth, 1,000 shares of the capital stock of the Company.

Note No. 4 for $30,000, mentioned in the contract, was placed in escrow to be held by the escrow agent "as collateral security for the payment of $17,500 commission covered by this agreement." Since appellees have breached their contract with appellant, by failing to make payment as agreed, we think he is entitled to have said collateral security impounded, foreclosed upon and sold in satisfaction of the sum due him with interest at 4 per cent. from February 15, 1932.

The decree is, therefore, reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.